## STATE OF FLORIDA v HAHN, et al.

### Case Nos. 87-824 CF and 87-823 CF

Nineteenth Judicial Circuit, Martin County

October 14, 1987

### APPEARANCES OF COUNSEL

Office of the State Attorney for plaintiff.

**Robert Watson** and **Betsey Huie,** Assistant Public Defender, for defendants.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing pursuant to the Defendants' Motion to Suppress Evidence, in accordance with Florida Rules of Criminal Procedure 3.190(h)(i). Based on the authorities submitted and

the reasons stated in this opinion the defendants' motions are in all respects denied.

On August 23, 1987, at approximately 11:50 p.m., the defendants were observed by Sgt. J. Johnson of the Stuart Police Department in a Blue Chevrolet pick-up truck bearing Texas tag VX-8721. The truck was initially observed by the officer stopped in the 800 block of Tarpon Avenue.

Sgt. Johnson, an eighteen (18) year veteran with an extensive background in drug investigations, testified that the vehicle when first observed was in the vicinity of locations known to him as being the site of numerous drug transactions. The officer specifically noted these locations as being Ma Jennings, the Cherokee Lounge and Browns. Thus based on the officer's specific knowledge and experience the vehicle was on a street near locations in which drug sales take place frequently.

The officer further related that he began a surveillance and observed three (3) black males approach the truck and converse with the occupants. The officer also observed the black males place their hands inside the vehicle. The defendant, who testified at the hearing, corroborated Sgt. Johnson's testimony concerning the approach of the three males. Sgt. Johnson also testified that he believed that he was observed by either the defendants or the three males and that the truck occupied by the defendants immediately left the area followed by the officer. The testimony of the officer in this respect was also corroborated by the defendant who testified that one of the black males told him that a police car was observing them.

The officer then followed the truck and before effecting a stop he called in the tag number for a computer check. The officer stopped the vehicle, asked for the defendant driver Freeman's drivers license and for vehicle registration of the truck. The defendant Freeman was unable to produce registration and indicated the vehicle was loaned to him. During the foregoing conversation the officer was informed that the vehicle was stolen and the defendants were then placed under arrest for Grand Theft Auto.

In essence the defendants argue that the stop was unlawful because based on conjecture or the mere suspicion of the officer and that therefore the arrest is invalid and is a bar to prosecution. The tree in this case even if poisonous is bare of fruit because the stop in question only resulted in the identification of the vehicle as stolen, a matter of observation independent and apart from the disputed stop.

At the outset the Court must determine if the stop was indeed based

**69**

on a founded suspicion or mere conjecture. The facts in this case are, in the Court's view, similar to those found in *McNeil v. State,* 12 FLW 2194 (4th DCA, 9 Sept. 1987) and *Murphy v. State,* 12 FLW 2075 (4th DCA, 26 Aug. 1987).

In *Murphy v. State,* Judge Stone writing for a unanimous Court found on almost identical facts, i.e. (1) The nature of area (2) The activities of occupants of the vehicle (3) The activities of the persons approaching the vehicle and (4) The experience, training and knowledge of the officer that there was indeed a founded suspicion of specific drug activity. Defendant citing *Cobb v. State,* (12 FLW 2035, 3d DCA), seeks to distinguish the present case from *McNeil* and *Murphy* discussed infra. In the Court's view, *Cobb* is factually distinguishable as it involved only a defendant's flight from police in what was referred to *generally* as a high crime area. (*Cobb* at pg. 2034)

The present case, as indicated, presents more specific and discrete facts indicative of criminal activity presented to an officer of extensive experience in this particular genre of criminal activity. The temporary detention itself lasted for a maximum of three minutes, was conducted at the scene of the stop and was in the Court's view lawful.

Based on the foregoing, the Court finds that the State has satisfied its burden of proof and has demonstrated that this warrantless detention satisfied both the requirements of *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1968, 20 L.E.D. 889 (1968) and Florida Statute 901.151.

Alternatively the State has further demonstrated that even if the foregoing analysis is incorrect the knowledge that the vehicle was stolen would have been inevitably discovered. Sgt. Johnson testified that prior to stopping the defendants he had observed the license number in plain view while following the vehicle in question. The officer further testified that he had "called the number in", police parlance for initiating a computer check. Thus it was only a question of three minutes until the stop would have been made in response to the report of the stolen auto. Thus, even if the stop was violative of constitutional standards, the information would have been obtained inevitably by lawful means. The State has therefore demonstrated by a preponderance of the evidence that normal police investigative measures already in operation would have produced this same result regardless of any impermissible police actions. (See *Nix v. Williams,* 467 U.S. 431; *U. S. v. Satterfield,* 743 F.2d 827 (11th Cir. 1984) and *Craig v. State,* 12 FLW 269 (Fla. 1987).

DONE and ORDERED in Chambers, Stuart, Martin County, Florida, this 14th day of October, 1987.